# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## ***

NATIONSTAR MORTGAGE LLC,

               Plaintiff,

vs.

TOW PROPERTIES, LLC II, *et al.*,

               Defendants.

2:17-cv-01770-APG-VCF
**ORDER**

Before the court is Nationstar Mortgage LLC's Motion to Stay Discovery Pending Resolution of Its Motion for Summary Judgment (ECF No. 29).

## LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a dispositive motion is permissible if there are no factual issues raised by the dispositive motion, discovery is not required to address the issues raised by the dispositive motion, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending dispositive motion can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the dispositive motion. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

DISCUSSION

Nationstar's Motion to stay is granted for two reasons. First, no opposition has been filed to motion to stay. Local Rule 7-2(d) states, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." Here, it would seem that the other parties have consented to the granting of the motion under Local Rule 7-2(d).

The Court has considered the motion to stay in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 29) is hereby GRANTED. In the event resolution of the Motion for Summary (ECF No. 28) does not result in the disposition of this case, the parties must file a new joint discovery plan within 21 days of the issuance of the order resolving that motion.

IT IS FURTHER ORDERED that a status hearing is scheduled for 1:00 p.m., October 12, 2018, in courtroom 3D.

DATED this 5th day of April, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE