# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

NATIONSTAR MORTGAGE LLC,

Plaintiff,

v.

TOW PROPERTIES, LLC II and FLAMINGO RIDGE HOMEOWNERS ASSOCIATION,

Defendants.

Case No. 2:17-cv-01770-APG-VCF

**ORDER (1) DENYING MOTION TO DISMISS, (2) GRANTING MOTION FOR SUMMARY JUDGMENT, AND (3) ORDERING STATUS REPORT**

(ECF Nos. 12, 28)

The parties dispute whether a deed of trust still encumbers property located at 6250 West Flamingo Road #39 in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Nationstar Mortgage LLC is the beneficiary of record for the deed of trust and is the servicer for Federal National Mortgage Association (Fannie Mae). Nationstar seeks a declaration that the deed of trust continues to encumber the property.

Defendant Tow Properties, LLC II (Tow) purchased the property at the HOA foreclosure sale and is the current owner. Tow moves to dismiss on a variety of grounds. Nationstar opposes the motion to dismiss and separately moves for summary judgment on the basis that the federal foreclosure bar in 12 U.S.C. § 4617(b)(2)(A)(i) precludes the HOA foreclosure sale from extinguishing Fannie Mae's interest in the property.[1]

I deny Tow's motion to dismiss and grant Nationstar's motion for summary judgment. Fannie Mae's interest cannot be extinguished by the HOA sale under the federal foreclosure bar.

**I. BACKGROUND**

Steven Cain purchased the property in June 2003. ECF No. 1-2. Cain financed the purchase through a loan from R.N.B., Inc., doing business as Cornerstone Mortgage. ECF No. 1-

---

[1] The parties also dispute the constitutionality of the Nevada statute pursuant to which the HOA conducted the sale. Because this matter can be resolved without reference to that issue, I do not address it.

4. The loan was secured by a deed of trust encumbering the property. *Id.* The deed of trust identified Cain as the borrower, Cornerstone as the lender, Land Title of Nevada as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary solely as nominee for the lender and its assigns. *Id.* at 3-4.

In November 2006, Fannie Mae acquired ownership of Cain's loan and the associated deed of trust, and has owned them ever since. ECF No. 28-2 at 3, 7. The transfer to Fannie Mae is not recorded in the Clark County recorder's office. Fannie Mae's servicer for the loan initially was Flagstar Capital Markets Corporation. *Id.* at 4. Nationstar became Fannie Mae's servicer in September 2009 and remains the servicer. *Id.*

In 2012, defendant Flamingo Ridge Homeowners Association recorded a notice of delinquent assessment lien, stating that Cain owed over $2,000 in unpaid HOA assessments. ECF No. 1-6. A few months later, Flamingo Ridge recorded a notice of default and election to sell based on the unpaid assessments. ECF No. 1-7. In April 2013, MERS assigned the beneficial interest under the deed of trust to Nationstar. ECF No. 1-5. Flamingo Ridge recorded a notice of trustee's sale in July 2013, and set the sale for August 28, 2013. ECF No. 1-9. The property was sold on that date to Flamingo Ridge for close to $11,000. ECF No. 1-10.

In August 2014, Flamingo Ridge quitclaimed the property to Tow. ECF No. 1-11. Nationstar filed this lawsuit on June 27, 2017. ECF No. 1.

**II. MOTION TO DISMISS (ECF No. 12)**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations

must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Laches

Tow argues Nationstar's suit is barred by the doctrine of laches because Nationstar waited too long after the HOA sale to bring its lawsuit. Nationstar responds that laches does not apply because it filed suit within the limitation period and there is no extraordinary circumstance to justify applying laches. Tow replies that Nationstar had the opportunity to act before the HOA foreclosure sale in addition to waiting several years after the sale to file suit. Tow argues that had Nationstar done so earlier, Tow could have protected itself, so this suit should be barred.

Nationstar's suit sounds in equity because it seeks to resolve competing claims to interests in property. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp*, 366 P.3d 1105, 1111 (Nev. 2016) (en banc) (stating that a person seeking to quiet title under Nevada Revised Statutes § 40.010 may invoke the court's equitable powers to resolve competing claims to title). "Laches is an equitable time limitation on a party's right to bring suit, . . . resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (quotations and internal citation omitted). The "laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." *Id.* Laches is an affirmative defense that "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002). (quotation omitted).

Nationstar filed this action within the limitation period for its quiet title claim, so laches presumptively does not apply. It is true that Fannie Mae, through Nationstar or its predecessor servicer, could have filed this suit earlier, and facts supporting some lack of diligence appear on the face of the complaint. But at the motion to dismiss stage, nothing in the complaint shows Tow's prejudice. Tow has not moved for summary judgment, and because laches is an affirmative defense, Tow bears the burden of showing prejudice. The conclusory statement in its

brief that it could have protected its interests had Nationstar sued earlier is insufficient. I therefore deny the motion to dismiss based on laches.

**B. Nevada Revised Statutes § 38.310**

Tow argues the complaint should be dismissed because Nationstar did not first submit the matter to mediation as required under Nevada Revised Statutes § 38.310. Nationstar responds that its suit falls within an exception to the statute for an action relating to the property's title. Alternatively, Nationstar argues (1) its claims are not based on interpretations of the Covenants, Conditions, and Restrictions (CC&Rs), and (2) § 38.310 applies to suits by homeowners against homeowners associations, not suits by lienholders.

As discussed below with respect to Nationstar's summary judgment motion, this case can be resolved by the federal foreclosure bar. Resolution of that question rests on the interpretation and application of 12 U.S.C. § 4617(j)(3) and does not require the interpretation, enforcement, or application of the CC&Rs. Section 38.310 therefore does not apply to the claim. *See Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-02046-JAD-PAL, 2015 WL 5723647, at *4 (D. Nev. Sept. 28, 2015). I deny the motion to dismiss based on § 38.310.

**C. Quiet Title**

Tow argues Nationstar cannot seek to "quiet title" because it has no claim to the property's title, as it has only a lien interest. Nationstar responds that as beneficiary under the deed of trust, it has standing to seek a declaration regarding whether the deed of trust still encumbers the property.

Under Nevada Revised Statutes § 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." "Thus, any person claiming an interest in the property may seek to determine adverse claims, even if that person does not have title to or possession of the property." *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *3 (D. Nev. Mar. 31, 2016). Accordingly, I deny the motion to dismiss the quiet title claim.

**D. Necessary Party**

Tow argues that Nationstar should have joined the original borrower, Cain, to the suit because if the HOA sale is undone, then title will be restored to Cain. Nationstar argues that Cain need not be added because Cain's rights to the property were extinguished by the HOA foreclosure sale.

Under Federal Rule of Civil Procedure 19(a)(1)(B)(i), a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." If such a person "has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

One form of relief Nationstar requests in it is complaint is to set aside the HOA foreclosure sale. ECF No. 1 at 20. Because setting aside the foreclosure sale would reinstate the prior homeowner as the property owner, Cain would be a necessary party to afford this relief. Fed. R. Civ. P. 19(a). But dismissal would not be the proper remedy. Rather, I would order Nationstar to either join Cain or show cause why joinder is not feasible. *See* Fed. R. Civ. P. 19(a)(2), (c). I therefore deny the motion to dismiss on the basis of a failure to join a necessary party.

Because, as discussed below, Nationstar is entitled to judgment as a matter of law that the deed of trust still encumbers the property, joinder of the former homeowner is not necessary. The HOA sale will not be set aside. Instead, the deed of trust remains a valid lien on the property. Accordingly, Cain's participation in the case is unnecessary.

**E. Pay All Debts**

Tow argues Nationstar cannot prevail because it has not shown that it paid all debts due on the property. Tow has not cited to any law that a lienholder seeking to determine whether its lien has been extinguished through a foreclosure sale must pay all debts on the property before it may obtain a declaratory judgment on that question. The case Tow cites, *Nebab v. Bank of Am.*,

*N.A.*, No. 2:10-cv-01865-KJD-GWF, 2012 WL 2860660 (D. Nev. July 11, 2012), relies on a California case, *Ferguson v. Avelo Mortg., LLC*, 126 Cal. Rptr. 3d 586, 591 (Cal. Ct. App. 2011).[2] *Ferguson*, in turn, relies on another California case stating that a "mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934). These cases have no application here, because Nationstar is not the mortgagor trying to quiet title against the mortgagee. I therefore deny the motion to dismiss on this basis.

### F. Injunctive Relief

Tow moves to dismiss the request for injunctive relief because it is a remedy, not an independent claim.[3] Nationstar argues that although it has no claim for injunctive relief as a separate cause of action, it is entitled to seek injunctive relief as a remedy.

Injunctive relief is a remedy, not a separate cause of action. However, Tow has not shown that Nationstar is not entitled to injunctive relief if it prevails on any of its claims. Consequently, I do not dismiss the request for injunctive relief.

For the reasons set forth above, I deny Tow's motion to dismiss.

## II. MOTION FOR SUMMARY JUDGMENT (ECF No. 28)

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[2] The California Supreme Court ordered *Ferguson* be depublished. *See Ferguson v. Avelo Mortg., LLC*, 2011 Cal. LEXIS 9825 (Cal. Sept. 14, 2011); *see also* Cal. Rules of Court, Rule 8.1115 (allowing California Supreme Court to order an opinion depublished).

[3] Tow raises new arguments in its reply regarding Nationstar's request for declaratory relief. ECF No. 18 at 9-10. I decline to consider arguments raised for the first time in a reply brief. *See Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." Nationstar argues that under the federal foreclosure bar, the HOA sale could not extinguish Fannie Mae's interest in the property because at the time of the sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned an interest in the property.

Tow responds that the motion is premature because the court should first decide Tow's motion to dismiss and defendant Flamingo Ridge has not yet appeared in this case. Tow also argues the HOA may have documents that could be relevant to deciding this motion, although Tow does not identify what those documents would be. On the merits, Tow contends that its due process rights are violated by applying the federal foreclosure bar because neither Nationstar nor Fannie Mae gave notice of Fannie Mae's interest in the loan. Tow argues that because Nevada law creates an expectation that a buyer at an HOA foreclosure sale is buying free and clear of the deed of trust, it is being denied a property interest without notice or hearing if its property is still subject to the deed of trust. Tow contends that this motion is the first notice it had that Fannie Mae was claiming an interest in the property and thus neither Tow nor the HOA could have requested Fannie Mae's consent to the HOA foreclosure sale. Tow argues that it is unfair to allow Fannie Mae to give no notice of its interest in the property and take no action before the HOA foreclosure sale to protect that interest, allow someone like to Tow to invest funds in the

property by purchasing and maintaining it, and then argue years later that its interest was never extinguished.

Nationstar replies that the federal foreclosure bar does not deprive Tow of title to the property. Rather, Nationstar contends, the property will be subject to Fannie Mae's lien interest and has been subject to that interest from the time Tow bought it. Nationstar also argues that any deprivation of property occurred as a result of Congress's enactment of the federal foreclosure bar, and due process is satisfied by the legislative process in enacting the statute. Nationstar also argues Fannie Mae is a large actor in the mortgage industry and it was foreseeable under Nevada law that Fannie Mae might own the property but not be the recorded beneficiary of the deed of trust. Additionally, Nationstar argues the deed of trust states that it may be sold and that it is a Fannie Mae/Freddie Mac uniform instrument, thus providing Tow constructive notice that Fannie Mae might own the loan and deed of trust.

The motion is not premature because I have addressed the motion to dismiss. As for Flamingo Ridge, the parties stipulated to allow Flamingo Ridge to file a response to the complaint ten days from March 27, 2018. ECF No. 31. Flamingo Ridge still has not appeared in this case and may default in this matter. Tow does not identify what information Flamingo Ridge might have that would address whether Fannie Mae owned an interest in the property at the time of the HOA sale.

The question of whether the federal foreclosure bar applies to preserve Fannie Mae's interest in this property following the HOA's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's[4] interest in property without FHFA's affirmative consent. *Id.* at 927-31. Additionally, that court accepted as proof of ownership the same type of evidence offered in

---

[4] *Berezovsky* involved the Federal Home Loan Mortgage Corporation ("Freddie Mac") but there is no material difference between Freddie Mac and Fannie Mae for these purposes. Both were placed into conservatorship under FHFA, and the federal foreclosure bar prohibits the non-consensual foreclosure of FHFA's assets. *Berezovsky*, 869 F.3d at 925-27.

this case. *Id.* at 932-33. Tow does not dispute that Fannie Mae owned an interest in the loan and deed of trust at the time of the HOA foreclosure sale. It offers no evidence raising a genuine dispute about Fannie Mae's interest, and it does not request relief under Federal Rule of Civil Procedure 56(d).

Instead, Tow argues that its due process rights are violated by applying the federal foreclosure bar because neither Nationstar nor Fannie Mae gave notice of Fannie Mae's interest in the loan. The Fifth Amendment prohibits the federal government from depriving a person of his or her property without due process of law. U.S. Const. amend. V. A procedural due process claim requires Tow to show it was: (1) deprived of a constitutionally protected liberty or property interest, and (2) denied adequate procedural protections. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

The federal foreclosure bar does not strip Tow of title to the property. Instead, it means Fannie Mae's security interest remained a lien on the property even after the HOA foreclosure sale. Thus, in some sense, it does not "deprive" Tow of property because Tow never owned the property free and clear of Fannie Mae's interest. But Tow's property interest is burdened because, assuming there was no notice that Fannie Mae had a property interest at the time of the HOA foreclosure sale, Tow did not obtain the free and clear title it thought it was buying, and may be subject to foreclosure under the deed of trust.

Assuming Tow can show a deprivation of its property rights, that deprivation "occurred with due process of law" because it was accomplished through the legislative act of passing the federal foreclosure bar. *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1154 (D. Nev. 2015). "Ordinarily, due process of law requires an opportunity for some kind of hearing prior to the deprivation of a significant property interest." *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (quotation omitted). "However, when the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." *Id.* (quotation and alteration omitted); *see also Texaco, Inc. v. Short*, 454 U.S. 516, 532-34 (1982) (holding self-executing features of a

statute that uniformly affect all citizens do not require individual notice and opportunity to be heard before those features may operate). Congress enacted the federal foreclosure bar in the normal manner prescribed by law, and that statute operates automatically to preserve certain federal property rights from non-consensual extinguishment. Tow thus received all the process it was due.

Tow's due process arguments are undeveloped, but to the extent Tow contends it was not the passage of the federal foreclosure bar itself that deprived it of due process but Nationstar and Fannie Mae's failure to record any document that gave notice of Fannie Mae's interest, that argument is precluded by the Supreme Court's decision in *International Harvester Credit Corporation v. Goodrich*, 350 U.S. 537 (1956). There, New York had enacted a statutory lien provision designed to ensure collection of a tax on use of the state's highways. *Id.* at 538. That law provided for what was, in effect, a superpriority lien that attached to all of the taxpayer's motor vehicles at the time of their operation within the state. *Id.* at 540-41. A motor carrier operated its vehicles on New York highways, thereby incurring use taxes to which the lien applied. *Id.* at 539. The carrier purchased three additional trucks under conditional sales agreements, which essentially gave the sellers security interests in the trucks. *Id.* at 542, 545. The motor carrier defaulted on the purchase of the trucks, and all three trucks were returned to the sellers' possession. *Id.* at 542. The motor carrier was also delinquent on its use taxes. *Id.* at 541.

When New York applied its statutory lien against the repossessed trucks and asserted the sellers' rights were subordinate, the sellers argued that violated their due process rights. *Id.* at 542-43. The Supreme Court held that New York's lien for unpaid taxes could be enforced against the three vehicles even though the sellers were unaware of the unrecorded lien that attached at the time the trucks were used on New York highways. *Id.* at 544-47. The Supreme Court noted that New York had the power to pass the statute and that the statute had been in force for over a year before the sellers sold the truck to the carrier, thus the sellers were on notice of this possibility and could have protected themselves by obtaining assurances from the motor carrier that its use taxes were not in arrears. *Id.* at 544, 546; *see also Maxwell v. State of Cal. By & Through*

*Cranston*, 341 F.2d 235, 238 (9th Cir. 1965) (holding provisions of California tax code allowing for attachment of an unrecorded lien did not violate due process).

If the enforcement of the unrecorded lien in *International Harvester* did not violate due process, then neither does enforcement of Fannie Mae's unrecorded interest in the property here. Fannie Mae is a well-known participant in the mortgage industry. The federal foreclosure bar was enacted in 2008. Housing and Economic Recovery Act of 2008 (HERA), Pub. L. 110-289 (July 30, 2008). HERA granted FHFA the power to place Fannie Mae into conservatorship, "and FHFA did so on September 6, 2008." *Cty. of Sonoma v. Fed. Hous. Fin. Agency*, 710 F.3d 987, 989 (9th Cir. 2013). The federal foreclosure bar applies to FHFA's assets held as conservator. *Berezovsky*, 869 F.3d at 928-29. Thus, Tow and other purchasers at foreclosure sales have been on notice since 2008 that Fannie Mae might own property subject to FHFA's conservatorship, and that property interest could not be extinguished without FHFA's consent under the federal foreclosure bar. *See Texaco, Inc*, 454 U.S. at 532 ("It is well established that persons owning property within a State are charged with knowledge of relevant statutory provisions affecting the control or disposition of such property.").

Further, Nevada law "recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent." *Berezovsky*, 869 F.3d at 932; *see also In re Montierth*, 354 P.3d 648, 650-51 (Nev. 2015) (en banc) (quotation omitted) (adopting the reasoning of the Restatement (Third) of Property: Mortgages and stating that if an agency relationship exists between the parties holding the note and deed of trust "such that [the note holder], as principal, can require its agent . . . to assign the [m]ortgage to it, then the [n]ote remains secured . . . ."). Thus, the fact that Fannie Mae did not appear in the recorded documents did not preclude the possibility that Fannie Mae owned an interest in the property. Fannie Mae's publicly available servicer guidelines gave further notice that Fannie Mae operated in this fashion. *See* ECF No. 28-2 at 4, 63-65, 83-86. Additionally, there was some record notice that the loan might be sold to Fannie Mae. The deed

of trust, which was recorded long before Tow purchased the property, states it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT – MERS." ECF No. 1-4.

Tow does not explain how it is deprived of a protected property interest by not being able to request FHFA's consent to the sale. Prior to the sale, Tow had no legally protected interest in the property, and thus had no due process right to seek consent. Nor does Tow explain how, having purchased the property subject to Fannie Mae's interest, it is deprived of due process by the lack of a method by which to request FHFA's consent post-sale. In any event, FHFA has expressed that it has not and will not consent to HOA foreclosure sales extinguishing FHFA's interests. *See* ECF No. 28-10.

Tow is provided with notice and an opportunity to be heard on whether in fact the federal foreclosure bar protects FHFA's interest in the subject property through adjudication of this lawsuit. *See Texaco, Inc.*, 454 U.S. at 533-34. Tow has been given the opportunity to raise legal arguments and to present evidence in this case as to why the federal foreclosure bar should not apply. It has not provided a legally or factually sufficient defense.

In sum, Nationstar is entitled to judgment as a matter of law that Fannie Mae's interest in the property was not extinguished by the HOA foreclosure sale and remains an encumbrance on the property because the federal foreclosure bar in 12 U.S.C. § 4617(j) prevents the non-consensual foreclosure of FHFA's assets, including those it holds as Fannie Mae's conservator.[5]

**III. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Tow Properties, LLC II's motion to dismiss **(ECF No. 12) is DENIED**.

---

[5] Although Tow has not raised a genuine dispute regarding a due process violation, I note that Fannie Mae could promote certainty in the market and protect itself from future lawsuits by requiring its servicers to include in any recorded document that the servicer is acting on Fannie Mae's behalf. It also does not escape my notice that Nationstar is arguing here that the enactment of the statutory federal foreclosure bar satisfies due process, yet it argues in other cases that lenders in Nevada were not adequately on notice of the HOAs' superpriority liens despite the unambiguous language of Nevada's duly enacted statutes.

IT IS FURTHER ORDERED that plaintiff Nationstar Mortgage LLC's motion for summary judgment **(ECF No. 28) is GRANTED**. It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on August 28, 2013 did not extinguish Federal National Mortgage Association's interest in the property located at 6250 West Flamingo Road #39 in Las Vegas, Nevada, and thus the property is subject to the deed of trust for which Nationstar Mortgage LLC is the current beneficiary of record.

IT IS FURTHER ORDERED that on or before May 18, 2018, the parties shall file a joint status report regarding what, if anything, remains of this case. The case caption identifies the defendants as Tow Properties, LLC II and Flamingo Ridge Homeowners Association, but the body of the complaint identifies Asset Recovery Services and Alessi & Koenig, LLC as parties. ECF No. 1 at 3-4. Thus, the status report must address whether these entities are meant to be parties in this case and, if so, why they should not be dismissed without prejudice for failure to timely serve under Federal Rule of Civil Procedure 4(m).

DATED this 27th day of April, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE